UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUGENE CONNELLY,

Plaintiff,

v. CASE Nos. 8:03-CV-72-T-23TGW
8:06-MC-26-T-TGW

CHADBOURNE & PARKE,

Defendant.

---

REPORT AND RECOMMENDATION

This cause came on for consideration upon Eugene Connelly's submission of a complaint dated April 26, 2006. Because Connelly not only has a history of vexatious litigation, but also has been warned against filing frivolous lawsuits, I recommend that a sanction of $1,000 be imposed against Connelly for his recent submission, and that the court cease screening his complaints until the sanction is paid.

I.

Previously, United States District Judge Steven D. Merryday ordered that Connelly's complaints be screened before being filed with this court due to his pattern of filing frivolous actions. Thus, it was ordered on

March 17, 2003 (Case No. 8:03-CV-72-T-23TGW, Doc. 12, p. 2)(citations omitted):

> [N]o future action brought by Connelly will be initially received for filing by the Court's Clerk. Rather, the action will be reviewed and screened by the senior Magistrate Judge in the division in which the action is sought to be filed. The Magistrate Judge will determine whether the action has arguable merit. In the event a Magistrate's preliminary review results in a finding that the plaintiff's action is frivolous, that action will not be filed with the Court but instead will be returned to Connelly. Upon such a finding, Connelly will be subject to sanction including a monetary assessment.

Judge Merryday's Order succinctly relates Connelly's numerous lawsuits concerning an alleged conversion of accounts receivable in 1968. The current submission confirms that Connelly has an obvious fixation with that perceived injury and its sequelae. In order to stem the tide of Connelly's lawsuits, United States District Judge Elizabeth A. Kovachevich permanently enjoined Connelly from filing in this district any lawsuit related to the conversion of accounts receivable in 1968; United States District Judge Henry Lee Adams ordered Connelly to obtain leave of court prior to filing "any action arising out of the alleged conversion of accounts receivable in 1968,"

and now Judge Merryday has employed a screening approach with a warning of monetary sanctions (id.). Nothing works.

In February 2006 Connelly submitted a 130-page complaint that, to the extent it could be comprehended, concerned the alleged conversion of accounts receivable in 1968 and Connelly's failed attempts at litigating the matter. After reviewing the complaint and determining that it was frivolous, I ordered, on March 20, 2006, that it be returned. However, I gave Connelly "a free one" in that I did not impose sanctions, but I warned him that future attempts to file such a complaint will result in the imposition of a monetary sanction.

Undeterred, Connelly, about a month later, filed another complaint. This one seeks damages from Chadbourne & Parke, a law firm that allegedly represented Connelly in connection with the 1968 accounts-receivable matter.

In accordance with Judge Merryday's Order, I have waded through Connelly's complaint. As is consistent with Connelly's shotgun-style pleading, the purported complaint is thirty pages of stream-of-consciousness rambling.

Despite the complaint's jumbled nature, I can perceive claims of legal malpractice and fraud. While these claims are only faintly discernible, Connelly would seemingly be entitled to the leniency afforded pro se pleadings (although he asserts that he knows more about commercial law than the defendant law firm). Nevertheless, assuming that there are claims hidden in his diatribe, the form of the complaint is clearly unacceptable.

Unquestionably, the document fails to comply with the Federal Rules of Civil Procedure, which direct that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach averment of a pleading shall be simple, concise and direct." Rule 8(a)(2), 8(e)(1), F.R.Civ.P. Moreover, the pleading is replete with impertinent and scandalous references. In addition, since each cause of action incorporates all of the preceding averments, it is the type of shotgun pleading that the Eleventh Circuit has strongly condemned. See, e.g., Strategic Income Fund v. Spear, Leeds & Kellogg, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002).

Although the form of the complaint is unacceptable, that alone would not justify the imposition of sanctions. Sanctions are warranted, rather, because Connelly has once again ignored this court's direction not to file an

action relating to the 1968 events. In the current submission, Connelly is challenging conduct of the law firm that represented his company regarding an alleged conversion of accounts receivable in 1968 and in subsequent attempts at litigating the matter. As previously pointed out, this court has expressly prohibited Connelly from filing in this district "any lawsuit which relates to the conversion of accounts receivable in 1968," since he has already filed numerous such actions, and they all have been dismissed (Case No. 8:03-CV-72-T-23TGW, Doc. 12, p.1 n.1). In addition to the res judicata and collateral estoppel effect of those dismissals, it is inconceivable to me that any claim of legal malpractice or fraud based on events that took place more than thirty years ago could survive the statutes of limitation.

Connelly "has no license to harass others, clog the judicial machinery with meritless litigation, and abuse [the] already overloaded court dockets." Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988), quoting, Farguson v. Mbank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986). Consequently, the court's power to sanction litigious individuals flows from statutes and court rules, as well as from the court's inherent power to protect its jurisdiction and control its docket. Farguson v. Mbank Houston, N.A., supra, 808 F.2d at 360. Thus, a major goal of Rule 11, F.R.Civ.P., is to reduce

the number of frivolous claims and motions. Didie v. Howes, 988 F.2d 1097, 1105 (11th Cir. 1993). Sanctions are, in fact, mandated against a party that files or pursues frivolous actions. Rule 11(c), F.R.Civ.P. Federal courts, furthermore, have a constitutional obligation to protect their jurisdiction from conduct that impairs their ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). Accordingly, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1074. To make this point concrete, the time I wasted ploughing through the complaint would otherwise have been spent reviewing a Social Security appeal; the Social Security claimant clearly is more entitled to my time than Connelly.

"The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant 'cannot be completely foreclosed from *any* access to the court.'" Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993), quoting, Procup v. Strickland, supra, 792 F.2d at 1074. The screening process that has been implemented does not totally foreclose Connelly's access to the court system.

With these principles in mind, I recommend that a sanction of $1,000 be imposed for the submission of the complaint in this case. This

sanction is authorized by Rule 11 and by this court's inherent authority. This report and recommendation shall serve as the order to show cause prescribed by Rule 11(c)(1)(B), F.R.Civ.P. Moreover, the amount of $1,000 is the same amount that was assessed previously in the case of another notorious litigant. See In re: Roy Day Litigation, Case No. 95-143-Misc-J (M.D. Fla.), Order of November 7, 1996.

Furthermore, I recommend that, as was done in that matter, the screening of Connelly's complaints cease until he pays the $1,000 sanction assessed against him. Id.; Order of August 27, 1998. Other courts have employed this approach. Thus, in Farguson v. Mbank Houston, N.A., supra, 808 F.2d at 360, the court, in addition to imposing monetary sanctions against a pro se litigant for repeatedly filing a frivolous claim, further ordered that:

> [N]either the clerk of this court, nor the clerk of any federal court over which we have jurisdiction ... shall accept any further filings by [the litigant] until all monetary sanctions imposed have been paid in full and satisfactory proof thereof has been furnished.

See also Lyons v. Sheetz, 834 F.2d 493, 496 (5th Cir. 1987) (no further complaints related to the plaintiff's loss of employment will be accepted until the sanctions are satisfied).

For the foregoing reasons, I recommend that Connelly be sanctioned $1,000 for filing a frivolous complaint. The complaint should be returned to Connelly. Further, the court should cease screening Connelly's complaints until he has paid the sanctions in full.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JULY 25, 2006

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).